# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARRELL HURT,

        Plaintiff,

v.

THOMAS BIRKETT, R. HUGHES LUCYNSKI,    CASE NO. 07-12503
WATSON, GRABOWSKI, JOHN DOE 1-6,    HON. MARIANNE O. BATTANI
JANE DOE, BUTCH, NOBLE, SHARP,
K. PETERS, C. MILLER, BAILEY, and
LOCKWOOD,

        Defendants.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

      Before the Court are Plaintiff's Objections to Magistrate Judge Virginia Morgan's Report and Recommendation (Doc. #64). The Magistrate Judge, ruling on Defendants' motion to dismiss or for summary judgment, found that (1) Plaintiff's claims against the officers in their official capacity were barred by the Eleventh Amendment; (2) Plaintiff failed to state a claim as to conspiracy, racial discrimination, retaliation, or deliberate indifference; and (3) summary judgment was appropriate for the claims of excessive force and failure to report against Defendants Hughes, Peters, Watson and Grabowski because Plaintiff merely rested upon allegations in Plaintiff's complaint and failed to provide any evidence establishing a material fact.

      Plaintiff objected to the Magistrate Judge's Report and Recommendation, arguing that (1) Eleventh Amendment immunity was inappropriate as he had requested injunctive relief; (2)

his claims of conspiracy, retaliation and deliberate indifference should not be dismissed; (3) there are genuine issues of material fact; and (4) the Court should not have accepted Plaintiff's Amended Complaint. Plaintiff's other listed objections are merely reiterations of allegations made in Plaintiff's complaint and are disregarded.

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The case at hand arises out of Plaintiff's incarceration at the Marquette Branch Prison in Marquette, Michigan, where Defendants allegedly intentionally broke Plaintiff's arm. He specifically alleges that Defendants Watson and Grabowski deliberately broke Plaintiff's arm, Defendant Bailey was deliberately indifferent to Plaintiff's pain and suffering, and that Defendants Miller and Peters attempted to cover up the incident by falsifying a misconduct report and failing to notify others. He further alleges that Defendants Miller, Peters and Hughes conspired to withhold medical treatment in violation of the Eighth Amendment, and that Defendants Bailey and Miller retaliated against Plaintiff. He finally alleges harassment is due to racial discrimination against all Defendants.

The Court finds that the Magistrate Judge's ruling on the Eleventh Amendment immunity

is correct. The violations that Plaintiff seeks redress for are Defendants' alleged conspiracy, excessive force, retaliation, deliberate indifference, discrimination, and failures to report. Thus, Plaintiff's claim is for retroactive relief, and the action against the officers in their official capacities is deemed to be against the State of Michigan. Doe v. Wigginton, 21 F.3d 733, 737 (6th Cir. 1994). As such, the Magistrate Judge was correct in ruling that the Eleventh Amendment bars Plaintiff's suit against the State for retroactive relief, and Plaintiff's claims against the officers in their official capacities are dismissed.

The Court further agrees with the Magistrate Judge that Plaintiff failed to state a claim as to the charges of racial discrimination (against all Defendants), conspiracy (against Defendants Miller, Peters and Hughes), deliberate indifference (Defendant Bailey) and retaliation (Defendants Miller and Bailey). The standard for notice pleading under Fed. R. Civ. P. 12(b)(6) is that a plaintiff's complaint must contain factual allegations "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Assoc. of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)). Here, Plaintiff pleadings are contradictory (as to the claim of racial discrimination), lack necessary specific details (as to the claim of conspiracy), are missing key elements (as to the claim of deliberate indifference), and are factually impossible (as to the claim of retaliation). The Court finds that Plaintiff has failed to state a claim as to racial discrimination, conspiracy, deliberate indifference, and retaliation, and hereby dismisses these claims.

Next, the Court agrees with the Magistrate Judge that Plaintiff has not submitted any evidence with regard to the claims of failure to report (as to Defendants Hughes and Peters) and excessive force (Defendants Watson and Grabowski). Defendants have submitted detailed incident reports describing the events and the parties involved. Plaintiff claims that these reports

were falsified, but without evidence to support this claim, it cannot survive summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (holding a party opposing summary judgment "may not rest upon the mere allegations or denials" but "must set forth specific facts showing that there is a genuine issue for trial"). Defendants have also submitted evidence in the form of a videotape showing that Plaintiff instigated the incident by attacking a fellow inmate and Defendants Watson and Grabowski's use of force was necessary to subdue Plaintiff. Plaintiff has not submitted any evidence demonstrating that force was used in anything other than good faith and for the purpose of stopping Plaintiff's attack. Similarly, this claim cannot survive summary judgment. Thus, Defendants' motion for summary judgment is granted and the claims of failure to report and/or intentional cover-up against Defendants Hughes and Peters and excessive force against Defendants Watson and Grabowski are dismissed.

Finally, the Court rejects Plaintiff's contention that the Court improperly accepted Plaintiff's Amended Complaint. The Magistrate Judge correctly ruled in granting Defendants' motion for a more definite statement and ordering Plaintiff to amend his complaint to more specifically state his claims. Plaintiff's contention – that the Court should have denied its own order to amend – is nonsensical. This objection is disregarded.

The Court therefore **ADOPTS** the Report & Recommendation in its entirety, **GRANTS** Defendants' motion to dismiss and/or for summary judgment, and **DISMISSES** Plaintiff's complaint.

**IT IS SO ORDERED.**

                                            s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            UNITED STATES DISTRICT JUDGE

DATED: July 10, 2008

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

                                                      s/Bernadette M. Thebolt
                                                     DEPUTY CLERK