UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DARRELL HURT,

        Plaintiff,                       CIVIL ACTION NO. 07-12503

      v.                                DISTRICT JUDGE MARIANNE O. BATTANI

THOMAS BIRKETT, R. HUGHES      MAGISTRATE JUDGE VIRGINIA M. MORGAN
LUCYNSKI, WATSON, GRABOWSKI,
JOHN DOE 1-6, JANE DOE, BUTCH,
NOBLE, SHARP, K. PETERS,
C. MILLER, BAILEY, and LOCKWOOD,[1]

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. Introduction**

      This is a *pro se* 42 U.S.C § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that the defendants deprived plaintiff of his rights under the United States Constitution. The matter comes before the court on Plaintiff's Response to this Court's Order to Show Cause (D/E #63). For the reasons discussed below, this Court finds plaintiff's response to the order to show cause inadequate and recommends that defendants Lucynski, Noble, Dr. Butch, John Doe 1-6 and Jane Doe be

---

      [1]On July 10, 2008, the Honorable Marianne O. Battani issued an opinion and order adopting the report and recommendation of Magistrate Judge Virginia M. Morgan and ordering that defendants Birkett, Hughes, Watson, Grabowski, Sharp, Peters, Miller, Bailey and Lockwood be dismissed from this action.

dismissed from this action with prejudice. In the alternative, this Court recommends that

plaintiff's claims be dismissed with prejudice *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).

On May 28, 2008, this Court, after finding that defendants Lucynski, Noble, and Dr.

Butch remained unserved and that defendants John Doe 1-6 and Jane Doe remained unnamed,

ordered:

> that plaintiff shall name all Doe defendants, with their addresses,
> on or before June 16, 2008, or the magistrate judge will issue a
> report recommending that such defendants be dismissed without
> prejudice.
> ***
> that plaintiffs show cause in writing on or before June 16, 2008,
> why the undersigned should not issue a report recommending the
> dismissal of defendants: Lucynski, Noble, and Dr. Butch for
> failure to prosecute pursuant to Local Rule 41.2.  [D/E #61]

On June 19, 2008, plaintiff filed a response to the order to show cause (D/E #63). In that

response, plaintiff acknowledges that the Doe defendants remain unnamed and "he does not

contest to dismissing them ... as Defendants." (D/E #63, ¶ 3)  With respect to the other

defendants, plaintiff provides an address where Lucynski and Dr. Butch can be served (D/E #63,

¶ 1), and he states that he is filing a motion to compel the address of Noble (D/E #63, ¶ 1).

## II. Discussion

### A. Local Rule 41.2

Local Rule 41.2 provides:

> Subject to Fed. R. Civ. P. 23(e) and LR 81.1, when it appears that
> the court lacks subject matter jurisdiction or that the parties have
> taken no action for a reasonable time, the court may, on its own
> motion after reasonable notice or on application of a party, enter an
> order dismissing or remanding the case unless good cause is

> shown. An application for a continuance or pending discovery
> may not preclude a dismissal for failure to prosecute.

In this case, defendants Lucynski, Noble and Dr. Butch have not been served and John Doe 1-6 and Jane Doe remain unnamed. As noted above, plaintiff acknowledges that the Doe defendants remain unnamed and "he does not contest to dismissing them ... as Defendants." (D/E #63, ¶ 3)

With respect to the other defendants, plaintiff provides an address where defendants Lucynski and Dr. Butch can be served (D/E #63, ¶ 1), and he states that he is filing a motion to compel the address of Noble (D/E #63, ¶ 1). However, plaintiff does not provide any good cause for why those defendants were not served earlier. Fed. R. Civ. P. 4(c)(1) provides that: "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Pursuant to Fed. R. Civ. P. 4(m), a defendant must be served within 120 days after the complaint is filed.[2] Plaintiff has failed to ensure that defendants Lucynski, Noble and Dr. Butch were timely served under the federal rules and he took no steps to remedy that failure until this Court's order to show cause, despite the fact that he appears to be in possession of the address of at least two of those defendants.

**B. 28 U.S.C. § 1915(e)(2)(B)**

---

[2] For plaintiffs proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915(d), such as plaintiff (D/E #2), the officers of the court, e.g., U. S. Marshals, shall serve process.

28 U.S.C. § 1915(e)(2)(B) provides that where, as in this case, the plaintiff is proceeding *in forma pauperis*, the court shall dismiss the case at any time if the court determines that "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In that case, plaintiff's claims against Dr. Butch, Noble and Lucynski should be dismissed pursuant to § 1915(e)(2)(B) because they are frivolous and plaintiff fails to state a claim upon which relief can be granted

In his amended complaint (D/E #31), plaintiff alleges that Lucynski and others, including defendants Watson and Grabowski, used excessive force on plaintiff when breaking up a fight initiated by plaintiff (Amended Complaint, ¶ 1) and that Dr. Butch, Noble and others, including defendants Miller, Peters and Hughes entered into an unlawful conspiracy to deny plaintiff treatment for his serious medical needs (Amended Complaint, ¶ 6). Plaintiff also appears to allege that all defendants discriminated against plaintiff because of plaintiff's race (Amended Complaint, ¶ 10).

As noted above, on July 10, 2008, Judge Battani adopted this Court's report and recommendation and dismissed all of plaintiff's claims against defendants Birkett, Hughes, Watson, Grabowski, Sharp, Peters, Miller, Bailey and Lockwood after finding that the claims against those defendants in their official capacities were barred by the Eleventh Amendment and that plaintiff failed to state claims of conspiracy, deliberate indifference and racial discrimination against those defendants their individual capacities (D/E #66, pp. 1-3). With respect to plaintiff's excessive force claim, Judge Battani adopted this Court's report and recommendation

finding that there was no genuine issue of material fact in light of the videotape provided by defendants (D/E #66, p. 4).

In light of Judge Battani's opinion and order, plaintiff 's claims against Dr. Butch, Noble and Lucynski should be dismissed. The claims against those three defendants are the same as the claims previously dismissed by Judge Battani and, with respect to other defendants, those claims have already been found to be without merit. Therefore, it would be futile to allow plaintiff to serve Dr. Butch, Noble and Lucynski now when plaintiff only alleges the same meritless claims.

### III. Conclusion

For the reasons discussed above, the court recommends that defendants Lucynski, Noble, Dr. Butch, John Doe 1-6 and Jane Doe be dismissed from this action with prejudice. Plaintiff acknowledges that the Doe defendants remain unnamed and he does not contest to dismissing them defendants. Moreover, given plaintiff's neglect in prosecuting his case as well as the lack of merit in his claims, defendants Lucynski, Noble and Dr. Butch should be dismissed from this action pursuant to Local Rule 41.2 or 28 U.S.C. § 1915(e)(2)(B).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.


                              s/Virginia M. Morgan
                              Virginia M. Morgan
                              United States Magistrate Judge

Dated:  July 22, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on July 22, 2008.

                              s/Jane Johnson
                              Case Manager to
                              Magistrate Judge Virginia M. Morgan